UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DOUGLAS JOHNSON,                               Case No. 4:06-CV-137

    Plaintiff,                                            HON. RICHARD ALAN ENSLEN

v.

CORRECTIONAL MECICAL
SERVICES, INC., *et. al.*,
                                                             **ORDER**

    Defendants.
                                         /

        This matter is before the Court on Petitioner Carl Douglas Johnson's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 6, 2007. The Report recommended denial of Plaintiff's Motion for Injunctive Relief as well as Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. This Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b)(1)(B).

        Upon such review, the Court concludes that the relief requested was properly denied. The Magistrate Judge correctly analyzed the Motion in accordance with pertinent standards. However, since Petitioner is proceeding *pro se*, the Court also reviews the Motion consistent with the indulgent standards accorded *pro se* filers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding this generous interpretation, Petitioner has not made a sufficient showing to obtain relief.

        "[T]he main prerequisite to obtaining injunctive relief is a finding that plaintiff is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted); *see also Wilson v. Wilkinson*, 28 Fed. Appx. 465, 466 (6th Cir. 2002) (applying this injunctive relief standard to a motion for temporary injunction). If a plaintiff is able to meet this prerequisite, a court must then

analyze the factors set forth in *Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000), in order to determine whether an injunction is appropriate.

Plaintiff argues that Defendants never clearly instructed him that he needed to sign release forms so that medical personnel could obtain his medical records from Dr. Learner, Plaintiff's doctor before incarceration. In a related argument, Plaintiff claims that he personally provided all medical records to medical personnel. The Magistrate Judge correctly concluded that Plaintiff knew his authorization was necessary to release medical records, yet Plaintiff failed to do so. (*See* Dkt. No. 62.) Plaintiff's claim that he provided all medical records to medical personnel is contradicted by the great weight of the evidence.

Plaintiff next contends that Defendants are not treating his illness, Human Herpes Virus Six - Variant A ("HHV6-A"), which he argues is "far more destructive than H.I.V." (Obj. 2.) In a related objection, Plaintiff claims medical personnel will not prescribe him Valcyte, a prescription drug he believes is necessary to treat HHV6-A. The Magistrate Judge properly concluded that Plaintiff simply disagrees with the treatment decisions of his doctors, as opposed to Plaintiff's contention that his doctors are not treating his illness in any way. Defendant Dr. Hutchinson, an infectious disease specialist, has stated that Plaintiff "does not have any medical condition for which a prescription for [Valcyte] would be considered effective." (Report 7.) The Court agrees with Dr. Hutchinson's assessment of Plaintiff's condition; Plaintiff has no right to a prescription drug in the absence of a genuine need for the drug.

Plaintiff objects to the Report's characterization of Plaintiff's statements concerning Dr. Learner. The Report suggests that Plaintiff requested medical personnel to have "no contact with Dr. Learner regarding [Plaintiff's] medical treatment" or for "'anyone' to speak with Dr. Learner." (*Id.* 5–6.) Plaintiff stresses that he never instructed medical personnel to not speak with Dr. Learner, instead he told them not to release his identity to Dr. Learner. Based on a review of the record, the

Court finds credible Defendants' account of Plaintiff's statements; however, this matter is seemingly inconsequential. The exact nature of Plaintiff's semantics is not important because Plaintiff's refusal to allow medical personnel to reveal his identity impeded Defendants' ability to treat Plaintiff.

Plaintiff's final argument claims that Dr. Hutchinson intentionally lied to the Court regarding the seriousness of Plaintiff's condition. Upon review, the Court finds no basis for this accusation. As the Magistrate Judge appropriately concluded, Plaintiff has failed to present reliable evidence indicating a significant abnormality which is not being treated sufficiently by medical personnel.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the Supreme Court's determinations in *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Upon review of the issues raised, the Court determines that this standard is not met as to any of the grounds for relief asserted because Petitioner has failed to raise an objectively debatable claim for relief. *See Slack*, 529 U.S. at 484.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 67) are **DENIED**, the Report and Recommendation (Dkt. No. 63) is **ADOPTED**, Plaintiff's Motion for Injunctive Relief (Dkt. No. 14) is **DENIED**, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 51) is **DENIED**, and a certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
October 1, 2007    RICHARD ALAN ENSLEN
     SENIOR UNITED STATES DISTRICT JUDGE