UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DOUGLAS JOHNSON,   Case No. 4:06-CV-137

    Plaintiff,   HON. RICHARD ALAN ENSLEN

v.

CORRECTIONAL MECICAL
SERVICES, INC., *et. al.*,   **PARTIAL JUDGMENT**

    Defendants.
_____/

This matter is before the Court on Plaintiff Carl Douglas Johnson's *pro se* Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of March 3, 2008. Defendants have neither responded to the Report nor Plaintiff's objections. The Report recommended denial of the motion for summary judgment of Defendants Howes, Winchester, Pandya, Caruso, Pramstaller, Lange, and Michigan Department of Corrections ("MDOC"). The Report also recommended the Court grant in part and deny in part the motion for summary judgment of Defendants Correctional Medical Services, Inc., Hutchinson, and Kuzma. Specifically, the Report concluded summary judgment should be granted in favor of Hutchinson and Kuzma but not Correctional Medical Services, Inc.[1]

This Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b)(1)(B). Upon such review, the Court concludes that the relief requested was properly denied. The Magistrate Judge correctly analyzed the Motion in accordance with pertinent

---

[1] Both sets of Defendants originally filed motions to dismiss, however; the Magistrate Judge appropriately converted them into motions for summary judgment and provided the parties with an opportunity to provide additional evidence. *See* Fed. R. Civ. P. 56.

standards. However, since Plaintiff is proceeding *pro se*, the Court also reviews the Motion consistent with the indulgent standards accorded *pro se* filers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding this generous interpretation, Plaintiff has not made a sufficient showing to obtain relief.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

Plaintiff does not object to dismissal of Kuzma, only Hutchinson. "Plaintiff finds that Defendant C. Hutchinson . . . should <u>NOT</u> be dismissed from 4:06-cv-137, though Plaintiff has <u>NO</u> objections if the U.S.D.C. were to dismiss Defendant George Kuzma." (Obj. 1.) Accordingly, the Report's conclusion regarding Kuzma is adopted because no genuine issues of material fact exist. Plaintiff's objections consist largely of exhibits already considered by the Magistrate Judge and this Court, albeit written on, highlighted, and supplemented in certain portions. The Report concluded that both of Plaintiff's grievances—Grievance Number LCF-2005-08-776-12D filed on August 25, 2005 and Grievance Number LCF-2005-12-1179-28A filed on December 22, 2005—failed to

administratively exhaust claims against Hutchinson because Hutchinson was not a named party. For exhaustion purposes, a grievance must state "[d]ates, times, places, and *names* of all those involved in the issue being grieved." Mich. Dep't of Corr., Policy Directive 03.02.130, ¶ T (effective Dec. 19, 2003)[2] (emphasis added). As the Report correctly found, Plaintiff has not exhausted his claims against Hutchinson. The exhibits provided and objections advanced by Plaintiff do not rebut this. Thus, no genuine issues of material fact exist and summary judgment is proper for Hutchinson.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Carl Douglas Johnson's Objections (Dkt. No. 84) are **DENIED**; the Report and Recommendation (Dkt. No. 80) is **ADOPTED**; Defendants Howes, Winchester, Pandya, Caruso, Pramstaller, Lange, and Michigan Department of Corrections' Motion for Summary Judgment (Dkt. No. 35) is **DENIED**; Defendants Correctional Medical Services, Hutchinson, and Kuzma's Motion for Summary Judgment (Dkt. No. 38) is **GRANTED** as to Defendants Hutchinson and Kuzma and **DENIED** as to Defendant Correctional Medical Services; and all claims against Defendants Hutchinson and Kuzma are **DISMISSED WITHOUT PREJUDICE**.

DATED in Kalamazoo, MI:  
    March 28, 2008

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]MDOC recently amended Policy Directive 03.02.130 on July 9, 2007; however, the 2003 version of the Policy Directive was in effect at all applicable times to this lawsuit. This case is distinguishable from the Supreme Court's recent decision in *Jones v. Bock*, Nos. 05-7058 & 05-7142, 127 S. Ct. 910 (U.S. Jan. 22, 2007). *Jones* concerned an older version of the Policy Directive, Policy Directive 03.02.130 (Nov. 1, 2000), which did not require prisoners to name all defendants for exhaustion purposes. *See id.* at 916 n.4, 922.