UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL JOHNSON,

       Plaintiff,                          Hon. Richard Alan Enslen

v.                                                Case No. 4:06 CV 137

CORRECTIONAL MEDICAL
SERVICES, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Correctional Medical Services, Inc., Craig Hutchinson, M.D. and George Kuzma, M.D.'s Motion for Summary Judgment, (dkt. #81), and Defendant Correctional Medical Services, Inc.'s Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2), (dkt. #92). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion for summary judgment, (dkt. #81), be **granted in part and dismissed as moot in part**. The Court further recommends that Defendant's motion to dismiss, (dkt. #92), be **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. In July 2004, Plaintiff was diagnosed with Human Herpes Virus six Variant-A (HHV6A-variant), a viral infection "akin to AIDS." (Complaint at ¶¶ 19-20). Plaintiff was initially prescribed Valcyte. (Complaint at ¶ 21). Plaintiff was incarcerated in June 2005, at which time prison officials prescribed Acyclovir to Plaintiff. (Complaint at ¶¶ 25-27). Plaintiff disagreed with this decision and offered to pay for Valcyte treatment

himself. (Complaint at ¶ 28). Plaintiff's request was denied. (Complaint at ¶ 31). Plaintiff continued to disagree with the nature and extent of medical treatment he received. (Complaint at ¶¶ 32-57). Plaintiff asserts that as a result of the inappropriate treatment he has received he "has suffered and will continue to suffer immediate and irreparable injury in the form of continued scaring (sic) and deterioration of his bodily organs which will result in eventual death." (Complaint at ¶ 60).

Plaintiff initiated the present action on November 13, 2006, against numerous individuals, as well as Correctional Medical Services, Inc. (CMS) and the Michigan Department of Corrections. Defendants Hutchinson, Kuzma, and CMS filed the present motion for summary judgment on March 10, 2008. Plaintiff's claims against Defendants Hutchinson and Kuzma were subsequently dismissed, however, on March 28, 2008. (Dkt. #85). Defendant CMS subsequently moved to dismiss Plaintiff's claims on other grounds. As discussed herein, the Court concludes that CMS is entitled to summary judgment and, alternatively, that Plaintiff's claims against CMS should be dismissed for failure to comply with the Court's discovery orders.

## ANALYSIS

**I.        Motion for Summary Judgment**

Plaintiff has named Correctional Medical Services, Inc. (CMS) as a defendant in this matter. Nonetheless, Plaintiff has failed to assert any allegations of wrongdoing against CMS itself. Instead, it appears that Plaintiff has named CMS as a defendant in this matter simply because it employs two of the individual defendants.

However, CMS is not vicariously liable for the actions of its employees. *See Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996) ("A defendant cannot be held liable under

section 1983 on a respondent superior or vicarious liability basis") (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). To establish liability against CMS, Plaintiff must demonstrate that CMS had a "policy, practice or custom that resulted in the injury." *Moreno v. Metropolitan General Hospital*, 210 F.3d 372, 2000 WL 353537 at *2 (6th Cir., Mar. 28, 2000); *see also*, *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001) (same).

Plaintiff has not alleged that his injuries were caused by any policy, practice, or custom implemented by CMS. Moreover, Plaintiff has alleged no facts which can reasonably be interpreted as alleging such. Accordingly, the Court recommends that Correctional Medical Services is entitled to summary judgment. The Court further recommends that Defendant Hutchinson's and Kuzma's motion for summary judgment be dismissed as moot.

**II.        Motion to Dismiss**

On June 13, 2007, Defendant CMS moved to compel Plaintiff to execute a release permitting CMS to access Plaintiff's medical records. (Dkt. #48). On July 19, 2007, the Court granted Defendant's request. (Dkt. #62). The Court observed that because "Plaintiff's claims clearly implicate his medical condition and the treatment he received for such," his medical records are "relevant to the resolution of his claims." The Court ordered Plaintiff to execute the releases necessary to permit Defendant CMS to access his medical records. The Court further warned that "[f]ailure by Plaintiff to comply with this Order will result in the dismissal of his claims against [Defendant CMS]." *Id.*

On February 25, 2008, Defendant CMS again moved the Court for a motion to compel. (Dkt. #79). Defendant asserted that while Plaintiff had executed a release to permit access to his "MDOC medical records" he continued to refuse to execute a release to permit access to other medical

records relevant to the claims asserted in his complaint. *Id.* On April 14, 2008, the Court granted Defendant's motion. (Dkt. #88). The Court again ordered Plaintiff to "execute the releases necessary to permit Defendant CMS to access his medical records." Furthermore, the Court again warned that "[f]ailure by Plaintiff to comply with this Order will result in the dismissal of his claims against Defendant CMS." *Id.*

Defendant CMS now moves to dismiss Plaintiff's claims against it on the ground that Plaintiff has failed to comply with the Court's previous Orders described above. Plaintiff has not responded to Defendant's motion.

The Federal Rules of Civil Procedure provide that "[i]f a party. . .fails to obey an order to provide or permit discovery" the Court may dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(v). These Rules further provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When faced with a motion to dismiss for failure to comply with its discovery orders, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's refusal to comply with the court's orders; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Technology Recycling Corp. v. City of Taylor*, 186 Fed. Appx. 624, 631-32 (6th Cir., June 28, 2006); *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiff's claims against Defendant CMS be dismissed with prejudice. Despite the fact that Plaintiff's claims against CMS clearly implicate his medical care and physical condition, Plaintiff has twice refused to comply

with the Court's Order that he permit Defendant CMS to access his medical records. As a result of Plaintiff's refusal to comply with such orders, CMS is unable to obtain access to clearly relevant discovery material which certainly prejudices its ability to defend against Plaintiff's claims. As noted above, Plaintiff has twice been warned that failure to comply with the Court's Orders would result in the dismissal of his claims against Defendant CMS. Finally, given Plaintiff's conduct the Court finds that dismissal of Plaintiff's claims against Defendant CMS is an appropriate sanction. Accordingly, the Court recommends that Defendant CMS's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants Correctional Medical Services, Inc., Craig Hutchinson, M.D. and George Kuzma, M.D.'s Motion for Summary Judgment</u>, (dkt. #81), be **granted in part and dismissed as moot in part**; and that <u>Defendant Correctional Medical Services, Inc.'s Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)</u>, (dkt. #92), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 13, 2008                                 /s/ Ellen S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    United States Magistrate Judge