UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CARL DOUGLAS JOHNSON,

        Plaintiff,                     Case No. 4:06-CV-137

v.                                           Honorable Richard Alan Enslen

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

        Defendants.

_____/

**PARTIAL JUDGMENT**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On June 13, 2008, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation to grant in part and dismiss in part as moot the motion for summary judgment filed by Defendants Correctional Medical Services, Inc. ("CMS"), Craig Hutchinson, M.D. and George Kuzma, M.D., and to grant the amended motion to dismiss filed by CMS. The Magistrate Judge concluded that Defendant CMS was entitled to summary judgment because Plaintiff failed to allege or show that CMS had a policy, practice or custom that resulted in the injury.[1] The Magistrate Judge further concluded that dismissal of the action against CMS was proper as a sanction under Federal Rule of Civil Procedure 37(b) for Plaintiff's repeated failures to comply with the Court's discovery orders. The matter presently is before the Court on Plaintiff's Objections to the Report.

---

[1] Because Defendants Hutchinson and Kuzma previously had been dismissed by the undersigned in a partial judgment issued March 28, 2008 (Dkt. No. 85), the Magistrate Judge properly concluded that the motion for summary judgment was moot as to those Defendants.

This court reviews *de novo* those portions of a Report to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. *Id.*

Plaintiff makes a variety of objections, most of which require no discussion. The only objection that warrants specific consideration is Plaintiff's argument that dismissal of his claims against CMS as a sanction for failing to comply with discovery orders is both unduly harsh and improper. On July 19, 2007, the Magistrate Judge granted Defendants' motion to compel Plaintiff to execute the medical releases necessary to permit CMS access to his medical records (Dkt. No. 62.). The order advised Plaintiff that failure to comply would result in the dismissal of his claims against CMS. Plaintiff contends that he substantially complied with the order by filing with this Court documents purporting to be releases of certain medical records of Dr. A.M. Lerner (Dkt. No. 71).

The argument is frivolous. First, the documents filed by Plaintiff were filed as part of objections to an earlier report and recommendation which recommended denial of Plaintiff's motion for a temporary restraining order and preliminary injunction. They did not purport to be an effort to comply with the Magistrate Judge's July 19, 2007 Order, and no motion placed a request for action before this Court. Second, the so-called releases (which also included substantial legal and factual arguments) asked the Court to forward to Dr. Lerner the attached 28 pages of medical records and authorized Dr. Lerner to review those records and return them to the Court for forwarding (by true copy) to Defendants. At no time did Plaintiff sign an unqualified release authorizing Defendants to have access to all of his medical records, or even all of Dr. Lerner's medical records. As a result, the filing in no way represents substantial compliance with the July 19, 2007 Order.

Further, not having received the ordered medical release, Defendants again filed a motion to compel on February 25, 2008. On April 14, 2008, the Magistrate Judge again ordered Plaintiff

to execute the necessary medical releases and again warned Plaintiff that failure to comply would result in dismissal of his claims against Defendant CMS.  Plaintiff again disregarded the Court's Order and failed to execute the releases.  Only then did Defendant CMS file the pending motion to dismiss Plaintiff's claims against CMS pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to comply with the Court's discovery orders.

In sum, contrary to Plaintiff's argument that dismissal of the action would be an unduly harsh sanction because he substantially complied with the orders to compel, the record unequivocally supports the Magistrate Judge's recommendation.  The Court has reviewed *de novo* Plaintiff's remaining objections and find no error in the reasoning of the Magistrate Judge.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 102) are **DENIED** and the Report and Recommendation (Dkt. No. 94) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants Correctional Medical Services, Inc., Craig Hutchinson, M.D. and George Kuzma, M.D.'s Motion for Summary Judgment (Dkt. No. 81) is **GRANTED** as to Defendant Correctional Medical Services, Inc. and **DISMISSED AS MOOT** as to Defendants Craig Hutchinson and George Kuzma.

**IT IS FURTHER ORDERED** that Defendant Correctional Medical Services, Inc.'s Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2) (Dkt. No. 92) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendant Correctional Medical Services, Inc. are **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  
    September 3, 2008

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE