UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL JOHNSON,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                              Case No. 4:06 CV 137

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #95). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. In July 2004, Plaintiff was diagnosed with Human Herpes Virus six Variant-A (HHV6A-variant), a viral infection "akin to AIDS." (Complaint at ¶¶ 19-20). Plaintiff was initially prescribed Valcyte. (Complaint at ¶ 21). Plaintiff was incarcerated in June 2005, at which time prison officials prescribed Acyclovir to Plaintiff. (Complaint at ¶¶ 25-27). Plaintiff disagreed with this decision and offered to pay for Valcyte treatment himself. (Complaint at ¶ 28). Plaintiff's request was denied. (Complaint at ¶ 31). Plaintiff continued to disagree with the nature and extent of medical treatment he received. (Complaint at ¶¶ 32-57). Plaintiff asserts that as a result of the inappropriate treatment he has received he "has suffered and will

continue to suffer immediate and irreparable injury in the form of continued scaring (sic) and deterioration of his bodily organs which will result in eventual death." (Complaint at ¶ 60).

Plaintiff initiated the present action on November 13, 2006, against numerous individuals, as well as Correctional Medical Services, Inc. (CMS) and the Michigan Department of Corrections (MDOC). Plaintiff asserts that Defendants: (a) violated his Eighth Amendment right to be free from cruel and unusual punishment; (b) violated his right to due process and to petition the government for redress of grievances; and (c) conspired to violate his rights. Plaintiff's claims against Defendants Hutchinson and Kuzma were subsequently dismissed, as were Plaintiff's claims against Defendant CMS. (Dkt. #85, 114). The remaining Defendants now move for summary judgment. Plaintiff has failed to respond to the present motion.

## STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

**I.        Plaintiff's Claims Against the Michigan Department of Corrections**

Plaintiff has sued the Michigan Department of Corrections (MDOC). The MDOC is not a person under 42 U.S.C. § 1983 and, furthermore, enjoys immunity from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Walker v. Michigan Dep't of Corrections*, 128 Fed. Appx. 441, 444 (6th Cir., April 1, 2005). Accordingly, the Court recommends that Plaintiff's claims against the MDOC be dismissed.

**II.        Plaintiff's Claims Regarding the Prison Grievance Process**

Plaintiff alleges that grievances he submitted concerning his medical care were rejected as duplicative and, moreover, that he was subsequently placed on modified grievance status. Plaintiff asserts that these actions violated his right to due process as well as his right to petition the government for redress of grievances. These claims are without merit.

Courts have consistently held that prisoners possess no constitutional right to access a prison grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, 2002 WL 373740 at *2 (6th Cir., Mar. 7, 2002). Likewise, there exists "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir., Oct. 30, 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Moreover, Michigan law does not create a liberty interest in a prison grievance procedure. *See Wilcox v. Johnson*, 1996 WL 253868 at *1 (6th Cir., May 13, 1996). Thus, to the extent that Plaintiff finds fault with the alleged inability of the prison grievance procedure to address his claims, Defendants are entitled to summary judgment.

Moreover, Plaintiff's placement on modified grievance status did not violate his right to petition the government for redress of his grievances. As is well recognized, placement on modified grievance status does not prevent prisoners from filing grievances, it merely requires that they first obtain permission to file a grievance from the grievance coordinator. *See Corsetti v. McGinnis*, 24 Fed. Appx. 238, 241 (6th Cir., Aug. 7, 2001). However, even if Plaintiff was improperly prevented from pursuing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) is in no way compromised by the alleged inability to pursue an institutional grievance. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The requirement that Plaintiff exhaust his administrative remedies prior to initiating legal action applies only as to those administrative remedies which are available. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied the right to complete the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action.

Plaintiff certainly enjoys the constitutional right to access the courts. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). However, to establish a violation of this right Plaintiff must establish that "he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants." *Thomas v. Rochell*, 2002 WL 31096251 at *1 (6th Cir., Sep. 18, 2002) (citing *Lewis*, 518 U.S. at 349-51). Plaintiff has made no such showing. Defendants are, therefore, entitled to summary judgment as to this claim as well.

**III.        Plaintiff's Eighth Amendment Claims Against Defendants Caruso, Howes, and Winchester**

Plaintiff asserts that Defendants Caruso, Howes, and Winchester violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him necessary medical care.

In his complaint, however, Plaintiff makes absolutely no factual allegations implicating these Defendants in any of the decisions regarding his medical care. Defendants Caruso, Howes, and Winchester have each submitted affidavits in which they assert that they were not involved in Plaintiff's medical care. (Dkt. #96, Exhibits A-C). Plaintiff has not responded to Defendants' motion for summary judgment. Because Plaintiff has failed to demonstrate that there exists any factual dispute as to his Eighth Amendment claims against Defendants Caruso, Howes, and Winchester, the Court recommends that Defendants Caruso, Howes, and Winchester are entitled to summary judgment as to such claims.

### IV.  Plaintiff's Eighth Amendment Claims Against Defendants Pramstaller, Pandya, and Lange

As discussed above, the gravamen of Plaintiff's complaint is that his requests to be treated with Valcyte rather than Acyclovir were rebuffed. Plaintiff asserts that by refusing to treat him with his chosen medication Defendants violated his Eighth Amendment rights. The Court disagrees.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of

serious harm." *Farmer*, 511 U.S. at 834.  If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

While it appears that Defendants Pramstaller, Pandya, and Lange are actually involved in the prison health care system, Plaintiff's complaint contains precious few factual allegations against these Defendants.  Plaintiff has asserted no factual allegations against Defendant Pramstaller, but instead simply asserts that Defendant Pramstaller "has ultimate authority and responsibility" for ensuring that Plaintiff receives appropriate health care.  (Complaint at ¶ 6).  With respect to Defendant Lange, the Health Unit Manager of the facility in which Plaintiff was then incarcerated, Plaintiff asserts that Lange informed him that health care officials had decided not to prescribe him Valcyte.  (Complaint at ¶ 31).  Plaintiff further asserts that Dr. Matthew contacted Lange "about the use of Kutapressin, a much cheaper and safer antiviral consistent with treatment of the HHV6A-variant virus."  (Complaint at ¶ 33).  As for Defendant Pandya, Plaintiff asserts that Pandya "reviews medications" and is responsible for approval of same.  (Complaint at ¶ 52).  In short, Plaintiff faults these Defendants for not acceding to his request to be treated with Valcyte.

Defendant Pramstaller has submitted an affidavit in which he asserts that as the Chief Medical Officer for the Michigan Department of Corrections, he is not typically involved in the "routine medical decisions made on a daily basis at the [prison] facilities." (Dkt. #96, Exhibit D). Pramstaller asserts that the "facility health care team makes the decisions regarding health care provided to prisoners in their facility." According to Pramstaller, he gets involved in the treatment of a prisoner only when the "Regional Medical Director" feels that such is "warranted." Pramstaller asserts that he was not involved in Plaintiff's treatment and had no knowledge of the matters asserted in Plaintiff's complaint. *Id.* Plaintiff has submitted no evidence to the contrary. Accordingly, the Court recommends that Defendant Pramstaller is entitled to summary judgment.

Defendant Lange has submitted an affidavit in which she asserts that she met with Plaintiff on two occasions to "discuss his [treatment] options" and provide him with "the alternatives regarding his treatment concerns." (Dkt. #96, Exhibit E). Lange further asserts that Plaintiff was "regularly seen in the clinic by CMS and MDOC medical service providers." *Id.* The exhibits attached to Plaintiff's complaint reveal that Plaintiff has, in fact, received medical care from prison officials. Doctor Pandya has submitted an affidavit in which he asserts that treatment with Valcyte is not appropriate for Plaintiff. (Dkt. #96, Exhibit F).

The essence of Plaintiff's Eighth Amendment claims against Defendants Lange and Pandya is not that he has been denied medical treatment, but that he instead simply disagrees with the treatment he has received. To the extent, however, that Plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care, Defendants Lange and Pandya are entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely

because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials responded reasonably to a substantial risk to an inmate's health or safety, they may avoid liability – even if the harm ultimately was not averted).

### V.        Plaintiff's Conspiracy Claims

Plaintiff asserts that Defendants have conspired to violate his constitutional rights. Plaintiff has failed to indicate whether this particular claim is grounded in federal or state law. This is of no consequence, however, as Plaintiff's claim fails under either body of authority.

Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. Plaintiff's claim must fail, however, because as previously noted Plaintiff cannot establish that the alleged conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States. *See Sawyer v. Lexington-Fayette Urban County Government*, 2001 WL 1006237 at *2 (6th Cir., Aug. 21, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996)). Plaintiff's conspiracy claim also fails under Michigan law. *See Karkoukli's, Inc. v. Walgreen Co.*, 2004 WL 435384 at *10-11 (Mich. Ct. App., Mar. 9, 2004) ("a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort").

**VI.        Plaintiff's Claims Against Defendant Moudgal**

Plaintiff initiated the present action on November 13, 2006. On March 5, 2007, the Court directed that Plaintiff's complaint be served. However, service has yet to be effected on Defendant Varsha Moudgal. Moreover, Plaintiff has not requested the Court's assistance in effective service on Defendant Moudgal.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted). Considering Plaintiff's lack of diligence in this matter, the Court recommends that Plaintiff's claims against Defendant Moudgal be dismissed without prejudice for failure to timely effect service.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #95), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  December 31, 2008 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge