UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL JOHNSON,
         Plaintiff,

No. 4:06-cv-137

-v-

HONORABLE PAUL L. MALONEY

CORRECTIONAL MEDICAL SERVICES, ET AL.,
         Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the court on a report and recommendation (Dkt. No. 119) issued by the magistrate judge. Plaintiff Carl Johnson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint under 42 U.S.C. § 1983 against multiple defendants. Plaintiff's claims arise from the alleged deprivation of medical treatment and Plaintiff's attempts to secure treatment from the prison system for Human Herpes Virus Six Variant-A (HHV6A-Variant). Several defendants have already been dismissed. Defendants MDOC, Caruso, Pramstaller, Pandya, Howes, Lange and Winchester filed a motion (Dkt. No. 95) for summary judgment. The magistrate judge recommends granting the motion. The magistrate judge also recommends dismissing, without prejudice, any claims against Defendant Moudgal because he has never been served with the complaint. Plaintiff filed objections. (Dkt. No. 123.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific

are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

## ANALYSIS

A. Claims against MDOC

The magistrate judge recommends dismissing the claims against MDOC because the MDOC enjoys immunity from suit under the Eleventh Amendment. Plaintiff concedes MDOC is immune from any claim for monetary relief. Plaintiff believes Defendant MDOC is not immune from the suit because he also seeks injunctive relief.

Defendant MDOC is entitled to summary judgment. Generally, the Eleventh Amendment provides immunity to states and state agencies from suits in federal court unless the state has expressly waived its sovereign immunity or has consented to be sued in federal court. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). This general rule applies regardless of whether the suit seeks damages or injunctive relief. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984). Section 1983

2

does not alter the immunity afforded states under the Eleventh Amendment. *See Will*, 491 U.S. at 66 (holding § 1983 does not "provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Congress did not abrogate a state's immunity under the Eleventh Amendment when it enacted § 1983. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n. 8 (6th Cir. 2007); *Rogers v. Michigan Dep't of Corrs.*, 29 F.App'x 259, 260 (6th Cir. 2002). In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right protected by the federal Constitution or federal law and must show the violation was committed by a person acting under color of state law.[1] *See Will*, 491 U.S. at 60-61. A state is not a *person* for the purpose of a § 1983 claim. *Id.* at 65-66. Government entities that are considered arms of the state, as opposed to local government units, are also exempt from § 1983 claims. *Id.* at 70. Individuals may, however, maintain suits seeking prospective injunctive relief against *state officials* in their official capacity. *Will*, 491 at 71 n. 10; *Hamilton's Bogarts*, 501 F.3d at 654 n. 8.

Defendant MDOC is entitled to immunity from Plaintiff's claims. Defendant MDOC is not a state official, but an agency of the state, and is immune from suit under § 1983, including claims seeking injunctive relief. *See Rodgers,* 29 F.App'x at 260. *See also Idaho v. Coeur D'Alene Tribe of Idaho*, 521 U.S. 261, 269-270 (1997) (discussing the limitations of the exception for certain suits seeking declaratory and injunctive relief against state officials).

### B. Claims Regarding the Prison Grievance Process

Any claim that the grievance procedure was constitutionally deficient has been waived. The

---

[1] The statute provides "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983 (emphasis added).

magistrate judge aptly concluded any constitutional claim based upon the grievance procedure itself must fail. Plaintiff objects, contending that the magistrate judge misinterpreted his claim. Plaintiff asserts his claim against Defendant Winchester, to the extent it discusses the prison's grievance procedure, is a claim that Defendant Winchester impeded Plaintiff's ability to make his complaints known to those responsible for his treatment. The claims against Defendant Winchester are addressed in the next section.

### C. Eighth Amendment Claims Against Defendants Caruso, Howes and Winchester

The magistrate judge found the complaint failed to allege any factual basis for finding these three individuals were implicated in any of the decisions regarding Plaintiff's medical care. Defendants Caruso, Howes, and Winchester all submitted affidavits denying that they were involved in Plaintiff's medical care. Plaintiff objects, arguing Caruso and Howes can be held liable under a theory of omission, that they failed to act. Plaintiff asserts Defendant Winchester is liable because he thwarted Plaintiff's ability to file grievances against health care personnel.

Defendants Caruso, Howes, and Winchester are entitled to summary judgment. The magistrate judge's findings are well reasoned. None of these three Defendants were directly responsible for Plaintiff's medical care or even indirectly involved in the decisions regarding Plaintiff's medical care. The authority cited in Plaintiff's objection does not support his claim that the three Defendants may be held liable for their failure to act. In *Smith v. Ross*, 482 F.2d 33 (6th Cir. 1978) (*per curiam*), the court reasoned that a law enforcement officer can be held liable under § 1983 when, through his or her inaction, the officer fails to perform a statutorily imposed duty and thereby denies the claimant a right. *Id.* at 36-37. Plaintiff has not established that any of these three Defendants (1) failed to perform a statutorily imposed duty or (2) that any failure to act deprived him

4

of a constitutional right. Unlike the police officer sued in *Ross*, neither Caruso nor Howes had any personal involvement with the decisions regarding Plaintiff's medical care. Plaintiff has not, and cannot, establish that either Caruso or Howes have a statutory duty to be involved in providing Plaintiff's medical treatment. Therefore, Plaintiff cannot establish that either Defendant Caruso or Defendant Howes can be held liable for failing to act. Defendant Winchester followed the proper grievance procedures when he rejected Plaintiff's grievance. Plaintiff has conceded that he has no constitutional right to a prison grievance procedure. Accordingly, Defendant Winchester cannot be held liable.

These three Defendants cannot be held liable under a failure to supervise or failure to investigate theory. Supervisory prison officials may not be held liable under § 1983 solely on the basis of respondeat superior. "There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays v. Jefferson County*, 668 F.2d 869, 872-874 (6th Cir. 1982)). Simply notifying Caruso and Howes of his concerns, assuming the notices actually reached them, is insufficient to impose liability on them. *See Id.* Defendant Winchester merely processed Plaintiff's grievances. He has no duty to investigate Plaintiff's claims.

### D. Eighth Amendment Claims Against Defendants Pramstaller, Pandya and Lange

The magistrate judge describes Plaintiff's claim against these three Defendants as a disagreement between two courses of medical care. Plaintiff wished to be treated for his condition with one drug and the three Defendants would not acquiesce to his demands. Each of the three

5

Defendants submitted affidavits describing their involvement with Plaintiff's medical care. The magistrate judge concludes the three Defendants are entitled to summary judgment. Plaintiff objects, asserting that his claim is not merely a disagreement about the appropriate treatment. Plaintiff insists he is not receiving any treatment at all. Plaintiff does not dispute any of the findings of fact in this portion of the R&R. .

Defendants Pramstaller, Pandya and Lange are entitled to summary judgment. The R&R outlines the factual basis for granting summary judgment. Defendant Pramstaller is entitled to summary judgment because he was not involved with Plaintiff's treatment. Plaintiff has not offered any factual basis for questioning that conclusion. Defendant Lange and Pandya were involved in providing medical treatment to Plaintiff. The magistrate judge found that, contrary to Plaintiff's allegation, he is actually receiving medical care. Plaintiff's objection fails to identify any documentation which would undermine that conclusion. Defendant Pandya, in his affidavit, explains why treatment with the drug Plaintiff seeks would be inappropriate. Plaintiff has not offered any evidence to undermine that assertion.

E.  Conspiracy Claims

The magistrate judge finds this claim fails because Plaintiff cannot establish a deprivation of his federal constitutional rights. Plaintiff objects, asserting that he has demonstrated how his federal constitutional rights have been violated. Because this court agrees with the findings in the R&R, Plaintiff has no basis for asserting a conspiracy claim.

F.  Claims Against Defendant Moudgal

Plaintiff does not object to the recommendation that Defendant Moudgal be dismissed without prejudice.

6

CONCLUSION

Defendants are entitled to summary judgment. The pleadings and materials on file establish there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law. Plaintiff Johnson has failed to provide sufficient documentary evidence to create a genuine issue of material fact for trial. The MDOC is immune from the claims alleged in this suit. Defendants Caruso, Howes, Winchester, and Pramstaller were not involved, directly or indirectly, in Plaintiff's medical care or treatment. Defendants Lange and Pandya have provided Plaintiff medical care, albeit not the treatment Plaintiff has requested. Defendant Moudgal should be dismissed without prejudice because he has never been served with a copy of the complaint.

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED**

1. The report and recommendation (Dkt. No. 119) is **ADOPTED OVER OBJECTIONS** as the opinion of this court.

2. Defendants' motion (Dkt. No. 95) is **GRANTED.** The claims against Defendants MDOC, Caruso, Howes, Winchester, Pramstaller, Pandya, and Lange are **DISMISSED WITH PREJUDICE.**

3. The claims against Defendant Moudgal are **DISMISSED WITHOUT PREJUDICE** as Defendant Moudgal has not been timely served with a copy of the complaint.

4. Pursuant to 28 U.S.C. § 1915(a)(3) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), for the reasons provided in the R&R and in the accompanying opinion, the court finds any appeal would not be taken in good faith.

Date: November 23, 2009  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge